John J. Walsh, J.
Appellant appealed from a judgment of conviction in the City Court of Utica (Lutz, J.) by a notice of appeal.
The People move to dismiss the appeal on the ground that an appeal may only be taken by an affidavit of errors.
Section 749 of the Code of Criminal Procedure provides that outside the City of New York, a judgment upon conviction, rendered by a Court of Special Sessions, Police Court, Police Magistrate, or Justice of the Peace, in any criminal action or proceeding may be reviewed by the County Court upon an appeal as prescribed by that title.
The method prescribed for the appeal is contained in section 751 of the code as follows: “ An appeal must be taken within thirty days after the judgment or after the commitment, where the appeal is from the latter, by filing an affidavit with the magistrate or clerk of the court rendering the judgment or ordering the commitment, setting forth the alleged errors in the proceedings, conviction or commitment. A copy of the affidavit must be delivered within three days after the filing with the magistrate or clerk of the court, to the district attorney of the county in which the appeal is to he heard. Upon the filing of the affidavit the appeal is deemed taken.”
The City Court of Utica is and has been since its creation as the Recorder’s Court (L. 1844, ch. 319) a court of record and a part of the judicial system of the State of New York.
While the Utica City Court is a court of record, it sits- as a Court of Special Sessions in dealing with misdemeanors and traffic infractions and section 105 specifically provides: “ § 105. Criminal Appeals. A judgment upon conviction rendered by the city court of Utica or the city judge of Utica, or associate city judge of Utica as such judge or magistrate, may be reviewed by the county court of the county of Oneida, as prescribed in title three, part five of the code of criminal procedure; and all the proceedings thereon shall be as set forth therein ”. (Added by L. 1934, ch. 62.)
*130 The method of appeal provided in title III of part V of the code is set forth in sections 749 to 769. This requires an affidavit of errors and not a notice of appeal.
For the purpose of procedure, a traffic infraction is considered a misdemeanor (Vehicle & Traffic Law, § 155).
The notice of appeal filed by the defendant herein is a nullity and confers no jurisdiction on this court to hear the appeal on its merits.